UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCKET MORTGAGE, LLC

    Plaintiff,

v.

HAMRO LENDING GROUP LLC, and
INDRA ADHIKARI,

    Defendants.

Case No. 23-cv-10572
Hon. Matthew F. Leitman

_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 29)

In January 2022, Plaintiff Rocket Mortgage, LLC and Defendant Hamro Lending Group LLC entered into an agreement under which Hamro agreed to act as a broker for Rocket Mortgage by performing certain loan "origination services" and by "submit[ting] loan application packages" to Rocket Mortgage (the "Broker Agreement"). (Broker Agmt., ECF No. 29-2, PageID.216.) The Broker Agreement was executed on Hamro's behalf by Indra Adhikari, Hamro's CEO. (*See id.*, PageID.234.)

In this action, Rocket Mortgage claims that Hamro breached the Broker Agreement and Adhikari committed fraud when Adhikari and Hamro submitted fraudulent loan documents to Rocket Mortgage for approval with respect to four

1

separate loans. (*See generally*, Am. Compl., ECF No. 25.)  Rocket Mortgage brings the following claims against the Defendants:

- "Breach of Contract by Broker" (Count I);
- "Breach of Express Indemnity Agreement by Broker" (Count II);
- "Specific Performance by Broker" (Count III);
- "Fraud in the Inducement Against Broker" (Count IV);
- "Fraud Against Adhikari" (Count V); and
- "Declaratory Judgment Against Broker" (Count VI).

(*Id.*)

Now before the Court is Rocket Mortgage's motion for partial summary judgment. (*See* Mot., ECF No. 29.)  In that motion, Rocket Mortgage seeks summary judgment on its breach of contract and breach of express indemnity agreement claims against Hamro (Counts I and II of the Amended Complaint) and its fraud claim against Adhikari (Count V of the Amended Complaint) arising out of one of the four loans identified in the Amended Complaint. (*See id.*)  More specifically, Rocket Mortgage says that Hamro and Adhikari fraudulently induced it (Rocket Mortgage) to fund a loan to a woman named Sabitra Rizal by submitting a loan application for Rizal that "contained false and misrepresented information concerning Rizal's employment" (the "Rizal Loan"). (*Id.*, PageID.193.)  For the

2

reasons explained below, the motion is **GRANTED IN PART AND DENIED IN PART**.[1]

## I

Rocket Mortgage moves for summary judgment under Federal Rule of Civil Procedure 56. Under that rule, a movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 312, 326-27 (6th Cir. 2013) (quoting Fed. R. Civ. P. 56). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* But "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52.

## II

### A

The Court begins with the portions of Rocket Mortgage's motion seeking summary judgment on its breach of contract claims against Hamro arising out of

---

[1] The Court concludes that it may resolve this motion without a hearing. *See* E.D. Mich. Local Rule 7.1(f)(2).

Rizal Loan.  Hamro has not responded to Rocket Mortgage's motion.  That failure, however, does not "end [the court's] analysis." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 629-30 (6th Cir. 2014).  "Even where a party 'offer[s] no timely response to [a] [ ] motion for summary judgment, the District Court [may] not use that as a reason for granting summary judgment without first examining all the materials properly before it under Rule 56(c).'" *Id.* (quoting *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979)).  Thus, "even where a motion for summary judgment is unopposed, a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *Id.*  However, when conducting this review, a court need not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id.* n.11.

Rocket Mortgage has satisfied its burden under Rule 56 to show that no genuine dispute of material fact exists with respect to its breach of contract claims against Hamro arising out of the Rizal Loan.  It has presented the Broker Agreement to the Court, identified the specific provisions of that agreement that it says Hamro breached, and presented unrebutted evidence in support of its claimed breaches and resulting damages. (*See* Mot., ECF No. 29, PageID.203-205.)  That evidence includes a sworn declaration from Renee Samet, a Vice President of Rocket Mortgage, who said, among other things, that (1) based on an investigation Rocket

Mortgage conducted into the Rizal Loan, Rocket Mortgage concluded that "Rizal's income and employment [information included in the loan application] was false" and (2) based on the "false, fabricated, and otherwise fraudulent information concerning Rizal's employment" included in the loan documents that Hamro submitted for approval, Rocket Mortgage had to sell Rizal's loan on the secondary market for a loss. (*See* Samet Decl. at ¶¶ 8-11, ECF No. 29-2, PageID.213-214.) Thus, for all of these reasons, and the additional unrebutted reasons explained in Rocket Mortgage's motion and supporting documents, the Court **GRANTS** Rocket Mortgage's motion for partial summary judgment on its breach of contract claims in Counts I and II of the Amended Complaint against Hamro arising out of Rizal Loan.

B

The Court next turns to Rocket Mortgage's fraud claim against Adhikari. Rocket Mortgage argues that when Adhikari submitted the Rizal Loan to Rocket Mortgage for approval, Adhikari "knew that [Rizal's loan application] contained false material representations regarding Rizal's employment status." (Mot., ECF No. 29, PageID.206.)  In response to Rocket Mortgage's motion, Adhikari submitted a sworn declaration in which he said that he was unaware that Rizal's employment information was false and that he "had no reason to believe" that the documentation Rizal had submitted regarding her employment was fraudulent. (Adhikari Decl. at ¶¶ 4-6, ECF No. 31-1, PageID.323.)

5

Here, the Court cannot conclude as a matter of law that Rocket Mortgage is entitled to summary judgment on its fraud claim against Adhikari arising out of the Rizal Loan. To succeed on that claim, Rocket Mortgage must establish, among other things, that Adhikari knowingly made a false representation or made a false representation recklessly. *See Aron Alan, LLC v. Tanfran, Inc.*, 240 F. App'x 678, 681 (6th Cir. 2007). But whether Adhikari acted with the requisite knowledge and state of mind comes down to a question of his credibility and whether the explanation Adhikari presented in his sworn declaration is believable. Such questions regarding a witness' credibility "are quintessentially within the province of the jury." *Bates v. Hartford Ins. Co. of Midwest*, 787 F.Supp.2d 657, 667 (E.D. Mich. 2011). Thus, at this stage of the proceedings, the court concludes that a jury must resolve the questions about what Adhikari knew about Rizal's employment and whether he committed fraud when he submitted Rizal's employment documents to Rocket Mortgage.

### III

For all of the reasons explained above, Rocket Mortgage's motion for partial summary judgment (ECF No. 29) is **GRANTED IN PART AND DENIED IN PART** as follows:

- The motion is **GRANTED** with respect to Rocket Mortgage's breach of contract claims in Counts I and II of the Amended Complaint against Hamro arising out of the Rizal Loan; and

- The motion is **DENIED** with respect to Rocket Mortgage's fraud claim in Count V of the Amended Complaint against Adhikari arising out of the Rizal Loan.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 28, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 28, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126