**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROCKET MORTGAGE, LLC,
a Michigan limited liability company,

Plaintiff

v.

HAMRO LENDING GROUP LLC,
a Pennsylvania limited liability company, and
INDRA ADHIKARI, an individual,

Defendants.

Case No. 2:23-cv-10572-MFL-APP

Hon.: Matthew F. Leitman

Magistrate Judge: Anthony P. Patti

Matthew Mitchell (P69810)
MADDIN HAUSER ROTH & HELLER, P.C.
Attorneys for Plaintiff Rocket Mortgage, LLC
One Towne Square, Fifth Floor
mmitchell@maddinhauser.com

Dane Steffenson (*Pro Hac Vice*)
DANE LAW, LLC
Attorneys for Defendants
3575 Piedmont Rd, Suite L120
Atlanta, GA 30305
dane@thedanelawfirm.com

**ROCKET MORTGAGE, LLC'S MOTION TO REOPEN CASE TO ENFORCE SETTLEMENT, TO COMPEL EXECUTION OF THE SETTLEMENT AGREEMENT AND MUTUAL RELEASE, AND FOR SANCTIONS AND ATTORNEY FEES**

Rocket Mortgage and Hamro Lending Group LLC ("Hamro") reached a binding settlement resolving this case. The settlement is reflected in the material terms of the circulated Confidential Settlement Agreement and Mutual Release of Claims (the "Agreement") and in counsel's written communications. The Court should enforce that agreement, compel Hamro to execute and deliver the settlement documents and Consent Judgment, require the Settlement Payment, and award sanctions and Rocket Mortgage's reasonable attorney fees and costs. In the alternative, the Court should reopen this matter for a trial on the merits.

Undersigned counsel emailed defendants' counsel requesting concurrence in the relief sought but, like months of emails and calls concerning the settlement agreement itself, defendants' counsel did not respond. For the reasons set forth in the accompanying Brief, Rocket Mortgage requests that the Court grant this Motion and award Rocket Mortgage sanctions in the amount of $1,500.00.

Respectfully submitted,

MADDIN HAUSER ROTH & HELLER, P.C.

By: */s/ Matthew Mitchell*______________

Matthew Mitchell (P69810)
MADDIN HAUSER ROTH & HELLER, P.C.
Attorneys for Plaintiff Rocket Mortgage, LLC
One Towne Square, Fifth Floor
mmitchell@maddinhauser.com

Date: October 6, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on **October 6, 2026**, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic notices in this case.

/s/ *Matthew Mitchell*________________
Matthew Mitchell (P69810)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROCKET MORTGAGE, LLC,
a Michigan limited liability company,

Plaintiff

v.

HAMRO LENDING GROUP LLC,
a Pennsylvania limited liability company, and
INDRA ADHIKARI, an individual,

Defendants.

Case No. 2:23-cv-10572-MFL-APP

Hon.: Matthew F. Leitman

Magistrate Judge: Anthony P. Patti

---

Matthew Mitchell (P69810)
MADDIN HAUSER ROTH & HELLER, P.C.
Attorneys for Plaintiff Rocket Mortgage, LLC
One Towne Square, Fifth Floor
mmitchell@maddinhauser.com

Dane Steffenson (*Pro Hac Vice*)
DANE LAW, LLC
Attorneys for Defendants
3575 Piedmont Rd, Suite L120
Atlanta, GA 30305
dane@thedanelawfirm.com

---

**ROCKET MORTGAGE, LLC'S BRIEF IN SUPPORT OF ITS MOTION TO REOPEN CASE TO ENFORCE SETTLEMENT, TO COMPEL EXECUTION OF THE SETTLEMENT AGREEMENT AND MUTUAL RELEASE, AND FOR SANCTIONS AND ATTORNEY FEES**

# STATEMENT OF ISSUES PRESENTED

I. Whether the Court should enforce the parties' settlement and compel Defendants to execute and deliver the Settlement Agreement and Mutual Release and the Consent Judgment?

| | |
|---|---|
| Rocket Mortgage's answer: | "Yes" |
| The Court should answer: | "Yes" |

II. Whether the Court should award sanctions and attorney fees to Rocket Mortgage given a complete lack of response from Defendants and their counsel with regard to consummating the settlement?

| | |
|---|---|
| Rocket Mortgage's answer: | "Yes" |
| The Court should answer: | "Yes" |

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

*Brock v. Scheuner Corp.*, 841 F.2d 151 (6th Cir. 1988); *Remark, LLC v. Adell Broad. Corp.*, 702 F.3d 280 (6th Cir. 2012)

# TABLE OF CONTENTS

Page

STATEMENT OF ISSUES PRESENTED .......... i

CONTROLLING AND MOST APPROPRIATE AUTHORITY .......... ii

TABLE OF CONTENTS .......... iii

TABLE OF AUTHORITIES .......... iv

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 1

III. LEGAL STANDARD .......... 3

IV. ARGUMENT .......... 7

A. Rocket Mortgage and Defendants Reached a Binding Settlement on All Material Terms .......... 7

B. The Court Should Compel Defendants to Execute and Deliver the Settlement Agreement and Mutual Release and the Consent Judgment, and Make the Settlement Payment, or, Alternatively, the Court Should Enter the Consent Judgment Directly .......... 8

C. The Court Should Award Sanctions and Rocket Mortgage's Reasonable Attorney Fees and Costs .......... 9

V. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

## Cases

*Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150 (6th Cir. 1992)....................5

*BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742 (6th Cir. 2010))....................6

*Bostick Foundry Co. v. Lindberg, Div. of Sola Basic Industries, Inc.*, 797 F.2d 280 (6th Cir. 1986) ....................4

*Brock v. Scheuner Corp.*, 841 F.2d 151 (6th Cir. 1988).................... ii, 4

*Echols v. Nimmo*, 586 F. Supp. 467 (W.D. Mich. 1984)....................5

*Eerdmans v. Maki*, 226 Mich. App. 360 (1997) ....................5

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501(6th Cir. 2002)....................6

*In re Auto. Parts Antitrust Litig.*, 997 F.3d 677 (6th Cir. 2021)....................5

*JAC Prods. v. REF Ala., Inc.*, 2026 U.S. Dist. LEXIS 148645 (E.D. Mich. July 6, 2026)....................6

*Kamalnath v. Mercy Mem. Hosp. Corp.*, 194 Mich. App. 543 (1992)....................6

*Kloian v. Domino's Pizza L.L.C.*, 273 Mich. App. 449, 453 (2006)....................6

*RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633 (6th Cir. 2001)....................4

*Remark, LLC v. Adell Broad. Corp.*, 702 F.3d 280 (6th Cir. 2012)....................4,10

*Scholnick's Importers-Clothiers, Inc. v. Lent*, 130 Mich. App. 104, 343 N.W.2d 249 (Mich. Ct. App. 1983) ....................5

*Stanton v. Dachille*, 186 Mich. App. 247 (1990)........................................................6

*United States ex rel. Tingley v. PNC Fin. Servs. Grp., Inc.*, 705 F. App'x 342 (6th Cir. 2017)..........................................................................................................6

## I. INTRODUCTION

Rocket Mortgage and Defendants Hamro Lending Group LLC ("Hamro") and Indra Adhikari ("Adhikari") reached a binding settlement resolving this case. The settlement is reflected in the material terms of the circulated Confidential Settlement Agreement and Mutual Release of Claims (the "Agreement") and in counsel's written communications. See **Exhibit A**, E-mail correspondence; **Exhibit B**, Last Version of the Ageement The Court should enforce that agreement, compel Defendants to execute and deliver the settlement documents and Consent Judgment, require the Settlement Payment, and award sanctions and Rocket Mortgage's reasonable attorney fees and costs. In the alternative, the Court should reopen this matter so a trial on the merits may proceed.

## II. BACKGROUND

Rocket Mortgage filed its Complaint on March 10, 2023, and its First Amended Complaint on June 4, 2024. The pleadings asserted claims for breach of contract, breach of express indemnity, specific performance, fraud in the inducement against Hamro, fraud against Adhikari, and declaratory judgment, arising from four loans submitted under a January 26, 2022 Broker Agreement.

On May 28, 2025, the Court granted partial summary judgment (ECF No. 34) on Counts I and II against Hamro arising out of the Rizal Loan and denied summary judgment on the fraud claim against Adhikari. *Id.*

In March 2026, the parties informed the Court that they had settled. On March 31, 2026, the Court administratively closed the case (ECF No. 40) and directed the parties to file a stipulated order of dismissal once its form was agreed. The parties thereafter exchanged several drafts of an Agreement memorializing the material terms of the settlement, which are:

- Rocket Mortgage would be paid Ten Thousand Dollars (the "Settlement Payment") within five (5) days of Rocket Mortgage's signature on the Agreement;

- Rocket Mortgage shall receive a consent judgment against Hamro in the form of Exhibit A to the Agreement;

- Hamro waives any stay of enforcement of the Consent Judgment upon entry, and Hamro's obligations under the Consent Judgment are in addition to and unaffected by the Settlement Payment;

- Within five (5) days after Rocket Mortgage's receipt and successful deposit of the Settlement Payment in good funds, entry of the Consent Judgment, and execution of the Agreement by all parties, Rocket Mortgage shall submit the stipulated order of dismissal with prejudice and without attorney fees and costs as to Adhikari;

The Agreement also contains mutual releases and confidentiality/non-disparagement obligations. See, Exhibit A.

Following months of communications over the form of the Agreement (Exhibit A) on May 1, 2026, Rocket Mortgage's counsel circulated a revision responding to defense counsel's concerns and asked for confirmation to circulate execution copies. See, Exhibit A.

On May 3, 2026, Defendants' counsel, Dane Steffenson, wrote: "I've accepted all your changes and made one edit to the paragraph at end of para 21. If agreeable, please submit for approval from your client so that we can get this signed, make payment and be done w/ the case." See, Exhibit A.

On May 11, 2026, Rocket Mortgage's counsel responded that Rocket Mortgage would forgo further changes to the paragraph 21 confidentiality language and asked whether he could send the execution copy. See, Exhibit A.

Defendants never responded. Rocket Mortgage's counsel followed up on May 17, May 22, June 16 (voicemail), June 30, and July 17, 2026 (further voicemail, advising that continued silence would be treated as reneging). See, Exhibit A.

On August 11, 2026, Rocket Mortgage's counsel sought concurrence in this Motion and advised that fees would be sought. Defendants have not responded since May 3, 2026, have not returned executed settlement documents, and have not made the Settlement Payment. See, Exhibit A. Rocket Mortgage now seeks to enforce the parties' Agreement and for an order of reasonable attorney fees and costs as sanctions.

## III. LEGAL STANDARD

This Court must decide this Motion using the following legal standards:

> It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them. A federal court possesses this power even if that agreement has not been reduced to writing. Before

> enforcing settlement, the district court must conclude that agreement has been reached on all material terms. The court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement.

*Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) (citations and internal quotation marks omitted); *see also RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001) ("The existence of a valid agreement is not diminished by the fact that the parties have yet to memorialize the agreement. When parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement.").

"The Sixth Circuit has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it, even where that agreement has not been reduced to writing. Once concluded, a settlement agreement is as binding, conclusive, and final as if it had been incorporated into a judgment and the actual merits of the antecedent claims will not thereafter be examined." *Bostick Foundry Co. v. Lindberg, Div. of Sola Basic Industries, Inc.*, 797 F.2d 280 (6th Cir. 1986).

*Remark, LLC v. Adell Broad. Corp.*, 702 F.3d 280 (6th Cir. 2012), explained that counsel's exchange of emails and settlement documents "conveyed an objective meeting of the minds as to each of the material terms," and that "a prior meeting of the minds is not undone by the decision of one party to back out of the last version, even if it is the most formal version, of a settlement agreement." It further held that

"the later decision of one party not to sign a formal memorialization of that agreement does not by itself retroactively change the agreement already reached" (citing *Scholnick's Importers-Clothiers, Inc. v. Lent*, 130 Mich. App. 104, 343 N.W.2d 249, 253 (Mich. Ct. App. 1983)).

Settlement agreements are governed by the principles of contract law. *See Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992); *see also Echols v. Nimmo*, 586 F. Supp. 467, 469 (W.D. Mich. 1984) ("Where there is a dispute as to the existence of a settlement agreement, general contract principles govern."). Michigan contract principles are aptly summarized as follows:

A settlement agreement is a contract governed by state contract law, here Michigan law. *In re Auto. Parts Antitrust Litig.*, 997 F.3d 677 (6th Cir. 2021) (citing Kloian).

> A valid contract requires mutual assent on all essential terms. Mere discussions and negotiation cannot be a substitute for the formal requirements of a contract. Before a contract can be completed, there must be an offer and acceptance. An offer is defined as "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Acceptance must be unambiguous and in strict conformance with the offer.

*Eerdmans v. Maki*, 226 Mich. App. 360, 364 (1997) (citations and internal quotations omitted). The parties must have a meeting of the minds on all essential

terms in the contract. *See Kloian v. Domino's Pizza L.L.C.*, 273 Mich. App. 449, 453 (2006). "'A meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind.'" *Kamalnath v. Mercy Mem. Hosp. Corp.*, 194 Mich. App. 543, 548 (1992) (quoting *Stanton v. Dachille*, 186 Mich. App. 247, 256 (1990)).

The district court has the "inherent authority to award fees when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons," and may impose sanctions when conduct is "in bad faith" or "tantamount to bad faith," exercising that power "with restraint and discretion." *JAC Prods. v. REF Ala., Inc.*, 2026 U.S. Dist. LEXIS 148645 (E.D. Mich. July 6, 2026) (quoting *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512, 516-17 (6th Cir. 2002)). The standard is met where the nonmoving party engaged in "fraud on the court, improper use of the court, harassment, delay, or disruption of litigation." *United States ex rel. Tingley v. PNC Fin. Servs. Grp., Inc.*, 705 F. App'x 342, 345 (6th Cir. 2017) (citing *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 753-54 (6th Cir. 2010)).

## IV. <u>ARGUMENT</u>

Rocket Mortgage and Defendants reached a binding settlement through their joint communication to the Court, the attached written communications, and the exchange of several versions of the Agreement that demonstrate they reached a

meeting of the minds on all material terms. The Court should enforce the settlement, compel Defendants' performance, alternatively enter the Consent Judgment directly, and award sanctions and Rocket Mortgage's reasonable attorney fees and costs. Alternatively, if the Court finds there was no meeting of the minds, this matter should be set for trial.

### A. <u>Rocket Mortgage and Defendants Reached a Binding Settlement on All Material Terms</u>

The communications between the parties' counsel establish a meeting of the minds on all material terms. On May 1, 2026, Rocket Mortgage's counsel circulated a revision responding to defense counsel's concerns and requested confirmation to circulate execution copies. On May 3, 2026, Dane Steffenson wrote: "I've accepted all your changes and made one edit to the paragraph at end of para 21. If agreeable, please submit for approval from your client so that we can get this signed, make payment and be done w/ the case." See Exhibit A.

The settlement required the following material terms:

- Rocket Mortgage would be paid Ten Thousand Dollars (the "Settlement Payment") within five (5) days of Rocket Mortgage's signature on the Agreement;

- Rocket Mortgage shall receive a consent judgment against Hamro in the form of Exhibit A to the Agreement;

- Hamro waives any stay of enforcement of the Consent Judgment upon entry, and Hamro's obligations under the Consent Judgment are in addition to and unaffected by the Settlement Payment;

- Within five (5) days after Rocket Mortgage's receipt and successful deposit of the Settlement Payment in good funds, entry of the Consent Judgment, and execution of the Agreement by all parties, Rocket Mortgage shall submit the stipulated order of dismissal with prejudice and without attorney fees and costs as to Adhikari; the Agreement also contains mutual releases and confidentiality/non-disparagement obligations.

On May 11, 2026, Rocket Mortgage's counsel responded that Rocket Mortgage would forgo further changes to the paragraph 21 confidentiality language, which were not material to the settlement, and asked whether he could send the execution copy. See, Exhibit A. Hamro's later refusal to respond or sign the Agreement does not undo the deal. The May 3 email and the preceding emails and versions of the Agreement objectively conveyed assent to the material terms. The later decision not to sign a formal memorialization does not retroactively change the agreement already reached. See *Remark, LLC v. Adell Broad. Corp.*, 702 F.3d 280, 283 (6th Cir. 2012).

### B. <u>The Court Should Compel Defendants to Execute and Deliver the Settlement Agreement and Mutual Release and the Consent Judgment, and Make the Settlement Payment, or, Alternatively, the Court Should Order the Agreement is Deemed Signed and Enter the Consent Judgment Directly</u>

Because Rocket Mortgage and Defendants agreed on all material terms, the Court should enforce the settlement as agreed. The Court should compel Defendants to execute and deliver the Settlement Agreement and Mutual Release and the

Consent Judgment, provide authorization to submit the Consent Judgment for entry, make the $10,000 Settlement Payment, and comply with its waiver of any stay of enforcement.

The order should recognize that Rocket Mortgage will submit the stipulated order of dismissal with prejudice and without attorney fees and costs as to Adhikari within five (5) days after the Settlement Payment is received and deposited in good funds, the Consent Judgment is entered, and all parties execute the Agreement.

Alternatively, if Defendants continue to refuse to execute the Consent Judgment, the Court should enter the Consent Judgment directly on the agreed terms. The Court should enforce, not alter, the settlement the parties reached.

### C. **The Court Should Award Sanctions and Rocket Mortgage's Reasonable Attorney Fees and Costs**

Hamro's months of unexplained silence after its counsel accepted all changes to the Agreement forced Rocket Mortgage to engage in needless motion practice. Rocket Mortgage's counsel responded on May 11, followed up on May 17, May 22, June 16, June 30, and July 17, and sought concurrence on August 11, yet Hamro has not returned executed documents or made the Settlement Payment. This conduct is tantamount to bad faith and warrants sanctions under the Court's inherent authority. See Exhibit A.

Rocket Mortgage is requesting reasonable fees and costs in the amount of $1,500, which represents the approximate amount of fees incurred since May 2026

due to Defendants' delays. Plaintiff's counsel would be happy to submit a fee affidavit itemizing the amount claimed.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Rocket Mortgage respectfully requests that the Court enter an order: (a) declaring that Rocket Mortgage and Defendants entered into a binding settlement; (b) compelling Defendants to execute and deliver the Settlement Agreement and Mutual Release and the Consent Judgment, together with authorization to submit the Consent Judgment for entry; (c) entering the Consent Judgment directly on the agreed terms; and (d) awarding sanctions to Rocket Mortgage in the amount of $1,500.00. In the alternative, this matter should be reopened for trial.

Respectfully submitted,

MADDIN HAUSER ROTH & HELLER, P.C.

By: *<u>/s/ Matthew Mitchell</u>*______________
Matthew Mitchell (P69810)
MADDIN HAUSER ROTH & HELLER, P.C.
Attorneys for Plaintiff Rocket Mortgage, LLC
One Towne Square, Fifth Floor
mmitchell@maddinhauser.com

Date: October 6, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on **October 6, 2026**, I electronically filed the foregoing documents with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic notices in this case.

/s/ *Matthew Mitchell*
Matthew Mitchell (P69810)